# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------

ELAINE WANG,                                       :
                                                   :
               Plaintiff,                :    Civil Action No. _____
                                                   :
v.                                                 :    **COMPLAINT FOR VIOLATIONS OF**
                                                   :    **SECTIONS 14(a) AND 20(a) OF THE**
PARSLEY ENERGY, INC., BRYAN                        :    **SECURITIES EXCHANGE ACT OF**
SHEFFIELD, MATT GALLAGHER, A.R.                    :    **1934**
ALAMEDDINE, RONALD BROKMEYER,                      :
WILLIAM L. BROWNING, HEMANG                        :    **JURY TRIAL DEMANDED**
DESAI, KAREN HUGHES, JAMES J.                      :
KLECKNER, DAVID H. SMITH, S. WIL                   :
VANLOH, JR., and JERRY WINDLINGER,                 :
                                                   :
               Defendants.               :

---------------------------------------------------------

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Parsley Energy, Inc. ("Parsley" or the "Company") and the members of Parsley's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Parsley and Pioneer Natural Resources Company and its affiliates ("Pioneer").

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on November 23, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to the Company's stockholders.   The Registration Statement recommends that the Company's stockholders vote in favor of a proposed transaction that provides for: (i) the merger of a direct wholly-owned subsidiary of Pioneer with and into Parsley, with Parsley surviving the merger as a direct wholly-owned subsidiary of Pioneer (the "First Merger" and the surviving entity, the "Surviving Corporation"); (ii) simultaneously with the First Merger, the merger of another direct wholly-owned subsidiary of Pioneer ("Opco Merger Sub") with and into Parsley Energy, LLC ("Parsley LLC"), a majority-owned subsidiary of Parsley, with Parsley LLC surviving the merger as a direct and indirect wholly-owned subsidiary of Pioneer (the "Opco Merger"); and (iii) immediately following the First Merger and the Opco Merger, the merger of the Surviving Corporation with and into a third direct wholly-owned subsidiary of Pioneer ("Merger Sub LLC"), with Merger Sub LLC surviving the merger as a direct wholly-owned subsidiary of Pioneer (the "Proposed Transaction").   Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each shareholder of Parsley Class A common stock will receive 0.1252 shares of Pioneer (the "Merger Consideration").

       3.      As discussed below, Defendants have asked Parsley's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.   Specifically, the Registration Statement contains materially incomplete and misleading information concerning, among other things, the analyses performed by the Company's financial advisors, Credit Suisse Securities (USA) LLC ("Credit Suisse") and Wells Fargo

Securities, LLC ("Wells Fargo" and together with Credit Suisse, the "Financial Advisors"), in support of their fairness opinions.

4.       It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.       For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Parsley's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.       Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.       Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Parsley is incorporated in this District.

## PARTIES

9.       Plaintiff is, and has been at all relevant times, the owner of Parsley stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Bryan Sheffield ("Sheffield") is the founder of the Company and has been a member of the Board since 2008.  Sheffield is the Executive Chairman of the Company.

11.     Individual Defendant Matt Gallagher has served as a member of the Board since 2018 and is the Company's President and Chief Executive Officer.

12.     Individual Defendant A.R. Alameddine has served as a member of the Board since 2013.

13.     Individual Defendant Ronald Brokmeyer has served as a member of the Board since 2016.

14.     Individual Defendant William Browning has served as a member of the Board since 2014.

15.     Individual Defendant Hemang Desai has served as a member of the Board since 2014.

16.     Individual Defendant Karen Hughes has served as a member of the Board since 2017.

17.     Individual Defendant James J. Kleckner has served as a member of the Board since 2020.

18.     Individual Defendant David H. Smith has served as a member of the Board since 2013.

19.     Individual Defendant S. Wil VanLoh, Jr. has served as a member of the Board since 2020.

20.     Individual Defendant Jerry Windlinger has served as a member of the Board since 2016.

21. Defendant Parsley a Delaware corporation and maintains its principal offices at 303 Colorado Street, Suite 3000, Austin, Texas 78701. The Company's stock trades on the NASDAQ Stock Exchange under the symbol "PE."

22. The defendants identified in paragraphs 10-20 are collectively referred to as the "Individual Defendants" or the "Board."

23. The defendants identified in paragraphs 10-21 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.    The Proposed Transaction

24. Parsley an independent oil and natural gas company and engages in the acquisition, development, exploration, production, and sale of crude oil and natural gas properties in the Permian Basin in west Texas and Southeastern New Mexico. As of December 31, 2019, its acreage position consisted of 191,179 net acres, including 149,615 net acres in the Midland Basin and 41,564 net acres in the Delaware Basin; and operated 558.9 net acres of the horizontal wells and 723.1 net acres of the vertical wells, as well as estimated proved oil, natural gas, and natural gas liquid reserves of 592.3 MMBoe. The Company was founded in 2008 and is headquartered in Austin, Texas.

25. On October 20, 2020, the Company and Pioneer jointly announced the Proposed Transaction:

> DALLAS & AUSTIN, Texas--(BUSINESS WIRE)--**Pioneer Natural Resources Company (NYSE:PXD)** ("Pioneer" or "the Company") and Parsley Energy, Inc. (NYSE:PE) ("Parsley") today announced that they have entered into a definitive agreement under which Pioneer will acquire all of the outstanding shares of Parsley in an all-stock transaction valued at approximately $4.5 billion as of October 19, 2020. Under the terms of the agreement, Parsley shareholders will receive a fixed exchange ratio of 0.1252 shares of Pioneer common stock for each share of Parsley common stock

owned. The total value for the transaction, inclusive of Parsley debt assumed by Pioneer, is approximately $7.6 billion.

Scott D. Sheffield, Pioneer's President and CEO stated, "This transaction creates an unmatched independent energy company by combining two complementary and premier Permian assets, further strengthening Pioneer's leadership position within the upstream energy sector. Parsley's high-quality portfolio in both the Midland and Delaware Basins, when added to Pioneer's peer-leading asset base, will transform the investing landscape by creating a company of unique scale and quality that results in tangible and durable value for investors.

This combination is expected to drive annual synergies of $325 million and to be accretive to cash flow per share, free cash flow per share, earnings per share and corporate returns beginning in the first year, creating an even more compelling investment proposition. Further, Pioneer's emphasis on environmental stewardship aligns with Parsley's culture of sustainable operations. The addition of Parsley's high-quality assets enhances Pioneer's investment framework by improving our free cash flow profile and strengthening our ability to return capital to shareholders. We look forward to integrating Parsley into Pioneer and continuing our history of strong execution."

Matt Gallagher, Parsley's President and CEO stated, "The combination of Parsley and Pioneer creates an organization set to thrive as we forge a strong new link at the low end of the global cost curve. With neighboring acreage positions located entirely in the low-cost, high-margin Permian Basin, the industrial logic of this transaction is sound. Furthermore, the Pioneer team shares our belief that a clear returns-focused mindset is the best tool to compete for capital within the broader market. Sustainable free cash flow and growing return of capital are now investment prerequisites for the energy sector and this combination strengthens those paths for our shareholders. Finally, I would like to personally thank every employee of Parsley Energy for their role in the evolution of this company – from operating a few dozen vertical wells in 2008 to a global leadership position in E&P operations today."

S. Wil VanLoh, Jr., a Parsley director and the Founder and Chief Executive Officer of Quantum Energy Partners, Parsley's largest shareholder, commented, "The inevitable consolidation in the Permian marches on and I couldn't think of a better combination of assets than Pioneer and Parsley. This combination will provide

Parsley shareholders new structural advantages including a lower cost of capital, a fortified balance sheet, economies of scale, and enhanced ESG capabilities, while amplifying all of the relative strengths of our standalone model. We look forward to partnering with the Pioneer team as they cement their position as the premier independent E&P."

**Strategic and Financial Benefits**

- **Accretive to Key Financial Metrics**– Pioneer expects the transaction to be accretive on key financial metrics including cash flow and free cash flow per share, earnings per share and return on capital employed beginning in 2021. The enhanced cash flow generation of the combined company strengthens Pioneer's investment framework creating a more robust free cash flow profile while lowering the reinvestment rate to a range of 65% to 75% at strip pricing.

- **Significant Synergies** – The combination of Pioneer and Parsley is expected to result in annual cost savings of approximately $325 million through operational efficiencies and reductions in general and administrative (G&A) and interest expenses. The expected present value of these cost savings exceeds $2 billion over a ten-year period. Operational savings are driven by the utilization of shared facilities, overlapping operations, scale efficiencies and benefits provided by Pioneer's extensive water infrastructure. Further synergies are realized from adjacent acreage footprints and the ability to drill extended laterals where lease configurations of the separate companies prevented long-lateral horizontal wells.

- **Unmatched Permian Scale** – The combined company will be the leading Permian independent exploration and production company with a premium asset base of approximately 930,000 net acres with no federal acreage and a production base of 328 thousand barrels of oil per day and 558 thousand barrels oil equivalent per day as of the second quarter of 2020. Additionally, based on year-end 2019 proved reserves, this transaction will increase Pioneer's proved reserves by approximately 65%.

- **Top-Tier Balance Sheet** – Pioneer's pro forma leverage will remain among the lowest in the industry, preserving the Company's financial flexibility and allowing for significant return of capital to shareholders. The combined company is expected to benefit from approximately $75 million per year in lower interest expense and will gradually reduce net debt to EBITDAX to less than 0.75x from an already strong position.

- **Sustainable Development** – Pioneer and Parsley have demonstrated strong commitments to best-in-class environmental,

social and governance practices. The combined company will continue to aggressively pursue improvements and promote a culture that prioritizes sustainable operations. Pioneer plans to publish a comprehensive 2020 Sustainability Report detailing its efforts in these areas during the fourth quarter of 2020.

**Transaction Details**

This all-stock transaction constitutes a 7.9% premium to Parsley shareholders based on unaffected closing share prices as of October 19, 2020. Pioneer will issue approximately 52 million shares of common stock in the transaction. After closing, existing Pioneer shareholders will own approximately 76% of the combined company and existing Parsley shareholders will own approximately 24% of the combined company.

The transaction has been unanimously approved by the Boards of Directors of both Pioneer and Parsley and is expected to close in the first quarter of 2021, subject to customary closing conditions, regulatory approvals and shareholder approvals. Parsley's largest investor, Quantum Energy Partners, which owns approximately 17% of Parsley's outstanding shares, has executed a Voting and Support Agreement in connection with the transaction.

Upon closing of the transaction, Pioneer's Board of Directors will be expanded to thirteen to include Matt Gallagher, Parsley's President and CEO, and A.R. Alameddine, Parsley's lead director. Pioneer's executive management team will lead the combined company with the headquarters remaining in Dallas, Texas.

**Advisors**

In connection with this transaction, Pioneer has retained Goldman Sachs & Co. LLC and Morgan Stanley & Co. LLC as financial advisors and Gibson, Dunn & Crutcher LLP as a legal advisor. Parsley has retained Credit Suisse Securities (USA) LLC and Wells Fargo Securities, LLC as financial advisors and Vinson & Elkins LLP as a legal advisor.

* * *

26.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore

imperative that Parsley's stockholders are provided with the material information that has been

omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.**     **The Materially Incomplete and Misleading Registration Statement**

27.     On November 23, 2020, Parsley and Pioneer jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

28.     The Registration Statement fails to provide material information concerning financial projections prepared by management and relied upon by the Financial Advisors in their analyses. The Registration Statement indicates that in connection with the rendering of the fairness opinions, Parsley and Pioneer management prepared certain non-public financial forecasts (the "Pioneer Projections for Pioneer" and "Pioneer Projections For Parsley," together, the "Projections") and provided them to the Board and the Financial Advisors with forming a view about the stand-alone and pro forma valuations.  Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that managements provided to the Board and the Financial Advisors.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own

9

estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig*., 924 A.2d 171, 201-203 (Del. Ch. 2007).

29. For the Projections, the Registration Statement provides values for the non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2020 through 2024: (i) EBITDAX, (ii) Discretionary cash flow, and (iii) Unlevered Free Cash Flow, but fails to provide all line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures in direct violation of Regulation G and consequently Section 14(a).

30. When a company discloses non-GAAP financial measures in a registration statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

31. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.

32.     Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Registration Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

33.     With respect to Credit Suisse's *Discounted Cash Flow Analysis—Corporate* for Parsley and Pioneer, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 9.5% to 11.5% for Parsley and 9.0% to 11.0% for Pioneer; and (ii) the inputs and assumptions underlying the selection of terminal multiples of 4.75x – 5.75x for Parsley and 5.5x – 6.5x for Pioneer.

34.     With respect to Credit Suisse's *Discounted Cash Flow Analysis—Net Asset Value* for Parsley and Pioneer, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 9.5% to 11.5% for Parsley and 9.0% to 11.0% for Pioneer; and (ii) the inputs and assumptions underlying the selection of terminal multiples of 4.75x – 5.75x for Parsley and 5.5x – 6.5x for Pioneer.

35.     With respect to Wells Fargo's *Discounted Cash Flow Analysis* for Parsley and Pioneer, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 7.5% to 9.25% for Parsley and 7.25% to 8.75% for Pioneer; and (ii) the inputs and assumptions underlying the selection of terminal EBITDAX multiples of 4.75x – 5.75x for Parsley and 5.50x – 6.50x for Pioneer.

36.     With respect to Wells Fargo's *Selected Public Companies Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for each of the companies observed by Wells Fargo in the analysis.

37.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

38.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

40.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things,

the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

41.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

42.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

43.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45.    The Individual Defendants acted as controlling persons of Parsley within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Parsley, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Parsley, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Parsley, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

48.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.   The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.   The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

51.     Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 24, 2020

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

*Attorneys for Plaintiff*